# EXHIBIT A

IN THE CIRCUIT COURT IN THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

P.R. STEELECOAT, INC.,
a Florida corporation,

       Plaintiff,

v.

INTUIT INC.,
a Delaware Corporation,

       Defendant.

_____/

CASE NO.:
DIVISION:

## COMPLAINT

Plaintiff, P.R. Steelecoat, Inc. ("PRS"), by counsel, sues defendant, Intuit, Inc. ("Intuit"), and alleges as follows:

## JURISDICTION, PARTIES, AND VENUE

1.      This is an action for damages in excess of $30,000.00, exclusive of interest and costs.

2.      PRS is a Florida corporation with its principal place of business located in Hillsborough County, Florida.

3.      Intuit is a Delaware corporation with its principal place of business located in California.

4.      Intuit is subject to personal jurisdiction in this Court pursuant to Florida Statutes § 48.193 because, without limitation: Intuit (a) operates, conducts, engages in, or carries on a business or business venture in Florida; (b) committed a tortious act within this state and is engaged in substantial and not isolated activity within Florida; and (c) committed

an act causing injury within this state when, at the time, Intuit was providing services to PRS in this state in the ordinary course of commerce, trade, or use.

5.      Venue is proper in Hillsborough County, Florida because the causes of action described below accrued in Hillsborough County, Florida.

## **OPERATIVE FACTS**

6.      PRS is a consulting and contracting company that specializes in corrosion and abrasion problems in industrial, commercial, and state and municipal (water and wastewater) applications.

7.      PRS also restores and lines heavily damaged concrete and steel structures of all types, including sumps, trenches, tanks, vaults, and chemical containment areas exposed to acids, caustics, solvents, corrosives, abrasives, and pollutants.

8.      At all material times, PRS has utilized a payroll service provider to process its employee payroll, make payments to all federal and state taxing authorities, and to file year-end tax documents.

9.      In the summer of 2017, PRS hired Intuit as its payroll service provider, setting up "Core" payroll services, which as represented by Intuit: "Cover the basics—easily pay your team and have your payroll taxes done for you." Intuit's "Services" include:

2



10.     In July 2017, PRS entered into an agreement with Intuit pursuant to which, among other things, Intuit was paid a fee to provide PRS with full employee payroll services. A copy of the contract is attached as **Exhibit A.**

11.     Between July 2017 continuing through June 2021, Intuit withdrew more than $678,000 from PRS's bank account for the payroll tax payments for the 2018, 2019, and 2020 calendar years.

12.     PRS recently learned that of the $678,898.25 Intuit withdrew from PRS's account, less than half was properly and timely paid to the Internal Revenue Service.

13.     Despite PRS's payment of fees to Intuit under the terms of the contract, Intuit failed to provide the Services, as defined in the contract, to PRS.

14.     Inuit has not timely paid all of PRS's necessary tax payments to the IRS.

15.     As a result of Intuit's failure to timely pay PRS's payroll taxes, in August 2021, PRS received notice from the IRS that Intuit, despite withdrawing the funds from PRS's account, failed to timely pay the full payroll taxes due.

3

16.     Upon receiving notice from the IRS, PRS sent several emails to Intuit requesting that a supervisor from Intuit contact PRS to address the issue. Intuit never sufficiently responded to PRS to correct the issues caused by Intuit's failures.

17.     As a result of Intuit's failure to provide the Services, as defined in the contract, including timely payment of PRS's payroll taxes, the IRS imposed fines and interest on PRS.

18.     Intuit continued to charge PRS for its (lack of) Services and deducted payroll from PRS's account, which was deposited into employee accounts. It was recently discovered that Intuit was covertly remitting subsequent payments to the IRS towards back tax periods without any explanation.

19.     PRS has retained the law firm of Gunster, Yoakley & Stewart, P.A. to represent it in this action and has agreed to pay the law firm attorneys' fees and costs for its representation.

20.     All conditions precedent to the maintenance of this action and to the granting of the relief requested herein have occurred, have been performed, or have otherwise been waived.

## COUNT I
### (Breach of Contract)

21.     PRS realleges paragraphs 1 through 20, above.

22.     PRS and Intuit entered into a contract, as more specifically described in paragraph 10 above.

23.     Intuit breached the contract by failing to provide PRS with the contracted Services, including failing to pay PRS's payroll taxes.

24.     PRS has suffered damages as a result of Intuit's breach of the contact, and the damages were proximately caused by Intuit's breach.

4

ACTIVE:15015307.1

WHEREFORE, plaintiff, P.R. Steelecoat, Inc., respectfully requests that this Court enter judgment against defendant, Intuit Inc., for damages in an amount to be proven at trial plus interest, all costs and expenses incurred in prosecuting this action, and such further relief as the Court deems just and proper.

**COUNT II**
**(Breach of the Covenant of Good Faith and Fair Dealing)**

25.     PRS realleges paragraphs 1 through 20, above.

26.     PRS and Intuit entered into a contract, as more specifically described in paragraph 10 above.

27.     Intuit failed to fulfil its obligations under contract by failing to provide PRS with the contracted Services, including failing to pay PRS's payroll taxes.

28.     All conditions precedent to Intuit's obligation to provide the Service, as defined in the contract, to PRS occurred.

29.     Intuit intentionally and unfairly interfered with PRS's right to receive the benefits under the terms of the contract.

30.     PRS has suffered damages as a result of Intuit's breach of the contact, and the damages were proximately caused by Intuit's breach.

WHEREFORE, plaintiff, P.R. Steelecoat, Inc., respectfully requests that this Court enter judgment against defendant, Intuit Inc., for damages in an amount to be proven at trial plus interest, all costs and expenses incurred in prosecuting this action, and such further relief as the Court deems just and proper.

Dated: April 27, 2022.

Respectfully submitted,

*/s/ John A. Schifino*
John A. Schifino, Esq.
Florida Bar No. 0072321
Daniel P. Dietrich
Florida Bar No. 934461
Justin P. Bennett
Florida Bar No. 112833
**GUNSTER, YOAKLEY & STEWART, P.A.**
401 E. Jackson St., Suite 1500
Tampa, Florida 33606
(813) 228-9080 (telephone)
(813) 228-6739 (facsimile)
jschifino@gunster.com (primary)
ddietrich@gunster.com (primary)
jbennett@gunster.com (primary)
Attorneys for Plaintiff

6

# EXHIBIT A

INTUIT TERMS OF SERVICE

Thank you for selecting the Services offered by Intuit Inc. and/or its subsidiaries and affiliates (referred to as "Intuit", "we", "our", or "us"). Review these Terms of Service ("Agreement") thoroughly. This Agreement is a legal agreement between you and Intuit. By accepting electronically (for example, clicking "I Agree"), installing, accessing or using the Services, you agree to these terms. If you do not agree to this Agreement, then you may not use the Services.

**A. GENERAL TERMS**

**1. AGREEMENT**

This Agreement describes the terms governing your use of the Intuit online services provided to you on this website, including content, updates and new releases, (collectively, the "Services"). It includes by reference:

- Intuit's Privacy Statement provided to you in the Services available on the website or provided to you otherwise.
- Additional Terms and Conditions, which may include those from third parties.
- Any terms provided separately to you for the Services, including product or program terms, ordering, activation, payment terms, etc.

**2. YOUR RIGHTS TO USE THE SERVICES**

2.1 The Services are protected by copyright, trade secret, and other intellectual property laws. You are only granted the right to use the Services and only for the purposes described by Intuit. Intuit reserves all other rights in the Services. Until termination of this Agreement and as long as you meet any applicable payment obligations and comply with this Agreement, Intuit grants to you a personal, limited, nonexclusive, nontransferable right and license to use the Services.

2.2 You agree not to use, nor permit any third party to use, the Services or content in a manner that violates any applicable law, regulation or this Agreement. You agree you will not:

- Provide access to or give any part of the Services to any third party.
- Reproduce, modify, copy, deconstruct, sell, trade or resell the Services.
- Make the Services available on any file-sharing or application hosting service.

**3. PAYMENT.** For Services offered on a payment or subscription basis, the following terms apply, unless Intuit or its third party affiliate notifies you otherwise in writing. This Agreement also incorporates by reference and includes program ordering and payment terms provided to you on the website for the Services:

a. Payments will be billed to you in U.S. dollars, and your account will be debited when you subscribe and provide your payment information, unless stated otherwise in the program ordering or payment terms on the website for the Services.
b. You must pay with one of the following:
1. A valid credit card acceptable to Intuit;
2. A valid debit card acceptable to Intuit;
3. Sufficient funds in a checking or savings account to cover an electronic debit of the payment due;
or
4. 4. By another payment option Intuit provides to you in writing.
c. If your payment and registration information is not accurate, current, and complete and you do not notify us promptly when such information changes, we may suspend or terminate your account and refuse any use of the Services.
d. If you do not notify us of updates to your payment method (e.g., credit card expiration date), to avoid interruption of your service, we may participate in programs supported by your card provider (e.g., updater services, recurring billing programs, etc.) to try to update your payment information, and you authorize us to continue billing your account with the updated information that we obtain.
e. Intuit will automatically renew your monthly, quarterly, or annual Services at the then-current rates, unless the Services are cancelled or terminated under this Agreement.
f. Additional cancellation or renewal terms may be provided to you on the website for the Services.

**4. USE WITH YOUR MOBILE DEVICE**

Use of these Services may be available through a compatible mobile device, Internet access and may require software. You agree that you are solely responsible for these requirements, including any applicable changes, updates and fees as well as the terms of your agreement with your mobile device and telecommunications provider.

INTUIT MAKES NO WARRANTIES OR REPRESENTATIONS OF ANY KIND, EXPRESS, STATUTORY OR IMPLIED AS TO:

    i. THE AVAILABILITY OF TELECOMMUNICATION SERVICES FROM YOUR PROVIDER AND ACCESS TO THE SERVICES AT ANY TIME OR FROM ANY LOCATION;
    ii. ANY LOSS, DAMAGE, OR OTHER SECURITY INTRUSION OF THE TELECOMMUNICATION SERVICES; AND
    iii. ANY DISCLOSURE OF INFORMATION TO THIRD PARTIES OR FAILURE TO TRANSMIT ANY DATA, COMMUNICATIONS OR SETTINGS CONNECTED WITH THE SERVICES.

**5. YOUR PERSONAL INFORMATION.** You can view Intuit's Privacy Statement provided with the Services and on the website for the Services. You agree to the applicable Intuit Privacy Statement, and any changes published by Intuit. You agree that Intuit may use and maintain your data according to the Intuit Privacy Statement, as part of the Services. You give Intuit permission to combine information you enter or upload for the Services with that of other users of the Services and/or other Intuit services. For example, this means that Intuit may use your and other users' non-identifiable, aggregated data to improve the Services or to design promotions and provide ways for you to compare business practices with other users. Intuit is a global company and may access or store personal information in multiple countries, including countries outside of your own country to the extent permitted by applicable law.

**6. CONTENT**

6.1 **You are responsible for your content.** You are responsible for all materials ("Content") uploaded, posted or stored through your use of the Services. You grant Intuit a worldwide, royalty-free, non-exclusive license to host and use any Content provided through your use of the Services. Archive your Content frequently. You are responsible for any lost or unrecoverable Content. You must provide all required and appropriate warnings, information and disclosures. Intuit is not responsible for the Content or data you submit through the Services.

You agree not to use, nor permit any third party to use, the Services to upload, post, distribute, link to, publish, reproduce, engage in or transmit any of the following, including but not limited to:

    a. Illegal, fraudulent, defamatory, obscene, pornographic, profane, threatening, abusive, hateful, harassing, offensive, inappropriate or objectionable information or communications of any kind, including without limitation conduct that would encourage "flaming" others, or criminal or civil liability under any local, state, federal or foreign law;
    b. Content that would impersonate someone else or falsely represent your identity or qualifications, or that constitutes a breach of any individual's privacy;
    c. Except as permitted by Intuit in writing, investment opportunities, solicitations, chain letters, pyramid schemes, other unsolicited commercial communication or engage in spamming or flooding;
    d. Virus, trojan horse, worm or other disruptive or harmful software or data; and
    e. Any information, software or Content which is not legally yours and without permission from the copyright owner or intellectual property rights owners.

6.2 **Community forums.** The Services may include a community forum or other social features to exchange Content and information with other users of the Services and the public. Intuit does not support and is not responsible for the content in these community forums. Please use respect when you interact with other users. Do not reveal information that you do not want to make public. Users may post hypertext links to content of third parties for which Intuit is not responsible.

6.3 **Intuit may freely use feedback you provide.** You agree that Intuit may use your feedback, suggestions, or ideas in any way, including in future modifications of the Services, other products or services, advertising or marketing materials. You grant Intuit a perpetual, worldwide, fully transferable, sublicensable, non-revocable, fully paid-up, royalty free license to use the feedback you provide to Intuit in any way.

6.4 **Intuit may monitor your Content.** Intuit may, but has no obligation to, monitor content on the Services. We may disclose any information necessary to satisfy our legal obligations, protect Intuit or its customers, or operate the Services properly. Intuit, in its sole discretion, may refuse to post, remove, or refuse to remove, any Content, in whole or in part, alleged to be unacceptable, undesirable,

inappropriate, or in violation of this Agreement.

## 7. ADDITIONAL TERMS

7.1 **Intuit does not give professional advice.** Unless specifically included with the Services, Intuit is not in the business of providing legal, financial, accounting, tax, health care, real estate or other professional services or advice. Consult the services of a competent professional when you need this type of assistance.

7.2 **We may tell you about other Intuit services.** You may be offered other services, products, or promotions by Intuit ("Intuit Services"). Additional terms and conditions and fees may apply. With some Intuit Services you may upload or enter data from your account(s) such as names, addresses and phone numbers, purchases, etc., to the Internet. You grant Intuit permission to use information about your business and experience to help us to provide the Intuit Services to you and to enhance the Services. You grant Intuit permission to combine your business data, if any, with that of others in a way that does not identify you or any individual personally. You also grant Intuit permission to share or publish summary results relating to research data and to distribute or license such data to third parties.

7.3 **Communications.** Intuit may be required by law to send you communications about the Services or Third Party Products. You agree that Intuit may send these communications to you via email or by posting them on our websites

7.4 **You will manage your passwords and accept updates.** You are responsible for securely managing your password(s) for the Services and to contact Intuit if you become aware of any unauthorized access to your account. The Services may periodically be updated with tools, utilities, improvements, third party applications, or general updates to improve the Services. You agree to receive these updates.

7.5 **Telephone Numbers.** You may provide us with your telephone number as part of your customer record or registration or via other methods. You understand and agree that Intuit may use your telephone number for "multi-factor authentication" ("MFA"), to confirm your identity and help protect the security of your account. Part of the MFA identity verification process may involve Intuit sending text messages containing security codes to your telephone number. You agree to receive these texts from Intuit containing security codes as part of the MFA process. In addition, you agree that Intuit may send automated text messages and pre-recorded voice messages to the telephone number you provide for other limited purposes, including: providing you with important critical notices regarding your use of the Services, or fulfilling a request made by you through the Services.

## 8. DISCLAIMER OF WARRANTIES

8.1 YOUR USE OF THE SERVICES, SOFTWARE, AND CONTENT IS ENTIRELY AT YOUR OWN RISK. EXCEPT AS DESCRIBED IN THIS AGREEMENT, THE SERVICES ARE PROVIDED "AS IS." TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, INTUIT, ITS AFFILIATES, AND ITS THIRD PARTY PROVIDERS, LICENSORS, DISTRIBUTORS OR SUPPLIERS (COLLECTIVELY,"SUPPLIERS") DISCLAIM ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY WARRANTY THAT THE SERVICES ARE FIT FOR A PARTICULAR PURPOSE, TITLE, MERCHANTABILITY, DATA LOSS, NON-INTERFERENCE WITH OR NON-INFRINGEMENT OF ANY INTELLECTUAL PROPERTY RIGHTS, OR THE ACCURACY, RELIABILITY, QUALITY OR CONTENT IN OR LINKED TO THE SERVICES. INTUIT AND ITS AFFILIATES AND SUPPLIERS DO NOT WARRANT THAT THE SERVICES ARE SECURE, FREE FROM BUGS, VIRUSES, INTERRUPTION, ERRORS, THEFT OR DESTRUCTION. IF THE EXCLUSIONS FOR IMPLIED WARRANTIES DO NOT APPLY TO YOU, ANY IMPLIED WARRANTIES ARE LIMITED TO 60 DAYS FROM THE DATE OF PURCHASE OR DELIVERY OF THE SERVICES, WHICHEVER IS SOONER.

8.2 INTUIT, ITS AFFILIATES AND SUPPLIERS DISCLAIM ANY REPRESENTATIONS OR WARRANTIES THAT YOUR USE OF THE SERVICES WILL SATISFY OR ENSURE COMPLIANCE WITH ANY LEGAL OBLIGATIONS OR LAWS OR REGULATIONS.

**9. LIMITATION OF LIABILITY AND INDEMNITY.** TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, THE ENTIRE LIABILITY OF INTUIT, ITS AFFILIATES AND SUPPLIERS FOR ALL CLAIMS RELATING TO THIS AGREEMENT SHALL BE LIMITED TO THE AMOUNT YOU PAID FOR THE SERVICES DURING THE TWELVE (12) MONTHS PRIOR TO SUCH CLAIM. SUBJECT TO APPLICABLE LAW, INTUIT, ITS AFFILIATES AND SUPPLIERS ARE NOT LIABLE FOR ANY OF THE FOLLOWING: (A) INDIRECT, SPECIAL, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES; (B) DAMAGES RELATING TO FAILURES OF TELECOMMUNICATIONS, THE INTERNET, ELECTRONIC COMMUNICATIONS, CORRUPTION, SECURITY, LOSS OR THEFT OF DATA,

VIRUSES, SPYWARE, LOSS OF BUSINESS, REVENUE, PROFITS OR INVESTMENT, OR USE OF SOFTWARE OR HARDWARE THAT DOES NOT MEET INTUIT SYSTEMS REQUIREMENTS. THE ABOVE LIMITATIONS APPLY EVEN IF INTUIT AND ITS AFFILIATES AND SUPPLIERS HAVE BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. THIS AGREEMENT SETS FORTH THE ENTIRE LIABILITY OF INTUIT, ITS AFFILIATES AND YOUR EXCLUSIVE REMEDY WITH RESPECT TO THE SERVICES AND ITS USE.

You agree to indemnify and hold Intuit and its Affiliates and Suppliers harmless from any and all claims, liability and expenses, including reasonable attorneys' fees and costs, arising out of your use of the Services or breach of this Agreement (collectively referred to as "Claims"). Intuit reserves the right, in its sole discretion and at its own expense, to assume the exclusive defense and control of any Claims. You agree to reasonably cooperate as requested by Intuit in the defense of any Claims.

**10. CHANGES.** We reserve the right to change this Agreement at any time, and the changes will be effective when posted through the Services, on our website for the Services or when we notify you by other means. We may also change or discontinue the Services, in whole or in part. Your continued use of the Services indicates your agreement to the changes.

**11. TERMINATION.** Intuit may, in its sole discretion and without notice, restrict, deny, terminate this Agreement or suspend the Services effective immediately, in whole or in part, for suspicion of fraud, security, illegal activity or unauthorized access issues to protect the integrity of our Services or systems and comply with applicable Intuit policy, or if you fail to comply with this Agreement or if you no longer agree to receive electronic communications. Upon termination you must immediately stop using the Services and any outstanding payments will become due. Any termination of this Agreement shall not affect Intuit's rights to any payments due to it. Intuit may terminate a free account at any time. Sections 2.2, 3 through 15 will survive and remain in effect even if the Agreement is terminated.

**12. EXPORT RESTRICTIONS.** You acknowledge that the Services, including the mobile application, delivered by Intuit are subject to restrictions under applicable US export control laws, including US trade embargoes and sanctions and security requirements, and applicable country or local laws to the extent compatible with US laws. You agree that you will comply with these laws and regulations and will not export, re-export, import or otherwise make available products and/or technical data in violation of these laws, directly or indirectly.

**13. GOVERNING LAW.** California state law governs this Agreement without regard to its conflicts of laws provisions.

**14. DISPUTES.** ANY DISPUTE OR CLAIM RELATING IN ANY WAY TO THE SERVICES OR THIS AGREEMENT WILL BE RESOLVED BY BINDING ARBITRATION, RATHER THAN IN COURT, except that you may assert claims in small claims court if your claims qualify. The Federal Arbitration Act governs the interpretation and enforcement of this provision; the arbitrator shall apply California law to all other matters. Notwithstanding anything to the contrary, any party to the arbitration may at any time seek injunctions or other forms of equitable relief from any court of competent jurisdiction. WE EACH AGREE THAT ANY AND ALL DISPUTES MUST BE BROUGHT IN THE PARTIES' INDIVIDUAL CAPACITY AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING. BY ENTERING INTO THIS AGREEMENT AND AGREEING TO ARBITRATION, YOU AGREE THAT YOU AND INTUIT ARE EACH WAIVING THE RIGHT TO FILE A LAWSUIT AND THE RIGHT TO A TRIAL BY JURY. IN ADDITION, YOU AGREE TO WAIVE THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR LITIGATE ON A CLASS-WIDE BASIS. YOU AGREE THAT YOU HAVE EXPRESSLY AND KNOWINGLY WAIVED THESE RIGHTS.

To begin an arbitration proceeding, send a letter requesting arbitration and describing your claim to Intuit Inc., in care of our registered agent Corporation Service Company, 2711 Centerville Road, Wilmington, DE 19808. Arbitration will be conducted by the American Arbitration Association (AAA) before a single AAA arbitrator under the AAA's rules, which are available at www.adr.org or by calling 1-800-778-7879. Payment of all filing, administration and arbitrator fees and costs will be governed by the AAA's rules, but if you are unable to pay any of them, Intuit will pay them for you. In addition, Intuit will reimburse all such fees and costs for claims totaling less than $75,000 unless the arbitrator determines the claims are frivolous. Likewise, Intuit will not seek its attorneys' fees or costs in arbitration unless the arbitrator determines your claims or defenses are frivolous. You may choose to have the arbitration conducted by telephone, based on written submissions, or in person in the county where you live or at another mutually agreed location. The decision of the arbitrator shall be final and not appealable, and judgment on the arbitration award may be entered in any court having jurisdiction thereof. This Section 14 shall survive expiration, termination or rescission of this Agreement.

**15. GENERAL.** This Agreement, including the Additional Terms below, is the entire agreement between you and Intuit and replaces all prior understandings, communications and agreements, oral or written, regarding its subject matter. If any court of law, having the jurisdiction, rules that any part of this Agreement is invalid, that section will be removed without affecting the remainder of the Agreement. The remaining terms will be valid and enforceable. The United Nations Convention on Contracts for the International Sale of Goods does not apply to this Agreement. You cannot assign or transfer ownership of this Agreement to anyone without written approval of Intuit. However, Intuit may assign or transfer it without your consent to (a) an affiliate, (b) a company through a sale of assets by Intuit or (c) a successor by merger. Any assignment in violation of this Section shall be void. If you want to request a transfer of this Agreement, contact Intuit via an email to: transfer_license@intuit.com.

**January 2016**

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

     **I.**    **CASE STYLE**

    IN THE CIRCUIT/COUNTY COURT OF THE <u>THIRTEENTH</u>  JUDICIAL CIRCUIT, IN AND FOR <u>HILLSBOROUGH</u>  COUNTY, FLORIDA

<u>P.R. Steelecoat, Inc.</u>
Plaintiff

vs.

<u>Intuit, Inc.</u>
 Defendant

Case # _____
Judge  _____

---

     **II.**    **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

     **III.**    **TYPE OF CASE**    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☐ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

    2 - Breach of Contract; Breach of the Covenant of Good Faith and Fair Dealing

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐ yes
    ☒ no

**IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ John A Schifino                 Fla. Bar # 72321
        Attorney or party                        (Bar # if attorney)

John A Schifino                    04/27/2022
  (type or print name)                   Date

**IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL
CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

P.R. STEELECOAT, INC.

     Plaintiffs,

v.                                  Case Number: 22-CA-003441
                                        Division A

INTUIT INC.

     Defendants.

_____

**DIFFERENTIATED CASE MANAGEMENT ORDER &**

**NOTICE OF HEARING**

**(GENERAL CIRCUIT CIVIL CASES FILED AFTER APRIL 30, 2021)**

     THIS CAUSE comes before the Court on review of Amendment 12 to Florida Supreme
Court Administrative Order AOSC20-23 (the "**Supreme Court Order**").  The Supreme Court
Order directs the chief judge of each circuit to issue an administrative order requiring the
presiding judge for each civil case to actively manage civil cases in accordance with a
differentiated case management process.  Consistent with this requirement, the Chief Judge of
the Thirteenth Judicial Circuit issued Administrative Order S-2021-060 (the "**Case Management
Plan**") on April 26, 2021.

     Accordingly, it is now

     **FOUND, ORDERED,** and **ADJUDGED** that:

1. **Designation of Case.**  This case is preliminarily designated as a *General* civil case, as
   defined by the Supreme Court Order and the Case Management Plan.

2. **Plaintiff's Obligation to Serve DCM Order on All Defendants.**  Consistent with the Case
   Management Plan, this Differentiated Case Management Order & Notice of Hearing (the
   "**DCM Order**") has been generated automatically upon the filing of the complaint and
   will be provided to Plaintiff along with the summons.  Plaintiff is **DIRECTED** to serve
   the DCM Order on each and every named defendant in the same manner and at the same
   time as the complaint itself is served.

3. **Conformity with Supreme Court Order's Directive.**  The deadlines established in this
   DCM Order are set in conformity with the Supreme Court Order's directive that General

Filed 4/27/2022 9:42:54 AM Hillsborough County Clerk of the Circuit Court

civil cases be managed according to the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

4. **Procedure for Modification of Deadlines.**  Counsel or any self-represented parties, or both, may seek to modify the deadlines set forth in this order by either:

    a.    Filing a motion and setting it for hearing; or

    b.    Stipulating to new deadlines and submitting an Amended Differentiated Case Management Order.  The Amended Differentiated Case Management Order ("**Amended DCM Order**") form is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org.  The Amended DCM Order must include a date for a court-ordered case management conference (the "**Court-Ordered Case Management Conference**").  Hearing time for the Court-Ordered Case Management Conference should be secured on either a Uniform Motion Calendar ("**UMC**") docket or a 15-minute hearing docket.

5. **Procedure for Setting Firm Trial Date When Case is at Issue.**  Consistent with the Supreme Court Order's mandate, the deadlines set forth in this DCM Order contemplate a projected trial date within the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).  A firm trial date will be set through entry of a Uniform Order Setting Trial & Pretrial at the Court-Ordered Case Management Conference or as otherwise provided in this order.

6. **Court-Ordered Case Management Conference.**  It is appropriate to set a Court-Ordered Case Management Conference prior to the close of fact discovery to both assess the progress of the case and set a firm trial date.

    a.    **Date and Time for Court-Ordered Case Management Set Below.**  A date and time for the Court-Ordered Case Management Conference is set below.

    b.    **Method of Conducting Court-Ordered Case Management Conference:**  The Court-Ordered Case Management Conference will be conducted remotely through the use of the following technology and connection instructions:

        The Court's ZOOM link is https://zoom.us/j/93553574539 and ZOOM Meeting ID number is 935 5357 4539.

        If joining the hearing via telephone, call 1-786-635-1003 or 1-470-381-2552 and then use the same meeting ID number referenced above.

    c.    **Attendance Mandated.**  Counsel and any self-represented parties **MUST ATTEND** unless otherwise excused by the Court and must be prepared to discuss selection of a firm trial date and corresponding pretrial conference date and time.

Filed 4/27/2022 9:42:54 AM Hillsborough County Clerk of the Circuit Court

    d.  **Process for Securing Excusal from Attending the Court-Ordered Case Management Conference:**

        i.  **Automatic Excusal.**

           1.  Unless otherwise ordered by the presiding judge, counsel or any self-represented parties, or both, are automatically excused from attending the Court-Ordered Case Management Conference if a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) has been submitted to and signed by the Court at least 30 days before the date of the Court-Ordered Case Management Conference; and

           2.  Any party seeking to invoke this automatic excusal provision should notify the judicial assistant by email sent to the division email address within 3 business days of the date the Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) is signed.

        ii.  **Discretionary Excusal.**

           1.  Counsel or self-represented parties, or both, may seek a discretionary excusal from the Court-Ordered Case Management Conference by filing a motion and submitting an agreed proposed order excusing attendance by the Court on one of the following grounds:

               a.  The Court has signed an Amended DCM Order, either by stipulation or by filing a motion and setting a hearing, <u>AND</u> the Amended DCM Order sets a new Court-Ordered Case Management Conference; or

               b.  Counsel has otherwise demonstrated good cause to believe that the case is otherwise in full compliance with the Supreme Court Order's mandate and the Case Management Plan.

    e.  **Failure to Attend Court-Ordered Case Management Conference.**  The failure to attend the Court-Ordered Case Management Conference may result in the case being set for a trial date without input of the absent counsel or self-represented party, or both; dismissal of the complaint without prejudice; entry of a judicial default; monetary sanctions against counsel or any self-represented parties, or both; or any other sanctions deemed appropriate by the presiding judge.

7.  **Firm Trial Date to be Set by Uniform Order Setting Trial & Pretrial (Revised April 30, 2021).**  Once a firm trial date is selected, counsel will be directed to prepare and

submit through the Florida E-Portal (the "**Portal**") a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021), which is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org. The Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) will require calculation of additional deadlines in a specified manner.

8. **Requirement to Review and Comply with Administrative Order for Circuit Civil Division.** Counsel and any self-represented parties are **DIRECTED** to review and comply with all provisions of the Thirteenth Circuit's Administrative Order S-2021-014 (*Circuit Civil Division*), and any successive administrative order.

9. **Certificate of Conferral for Non-Dispositive Motions.**

   a. **When Required.** Except for a motion (i) for injunctive relief; (ii) for judgment on the pleadings; (iii) for summary judgment; (iv) to dismiss or to permit maintenance of a class action; (v) to dismiss for failure to state a claim upon which relief can be granted; or (vi) to involuntarily dismiss an action, before the moving party or moving party's counsel files any other motion, the party or counsel should confer with the opposing party or opposing counsel in a good faith effort to resolve the issues raised by the motion. The moving party or moving party's counsel should include in the body of the motion a statement certifying that the moving party or moving party's counsel has conferred with the opposing party or opposing party's counsel—either in person, by telephone, or by video conferencing device—and stating whether the party or counsel agree on the resolution of the motion. A certification to the effect that opposing party or opposing party's counsel was unavailable for a conference before filing a motion should describe, with particularity, all of the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the subject motion.

   b. **Cancelation of Hearing/Denial of Motion Filed Without Certificate of Conferral.** Counsel and any self-represented parties should anticipate that a hearing set on a motion that lacks such a certification will be canceled and the motion may be denied without a hearing for failure to comply with this requirement.

   c. **Form of Certificate of Conferral.** The certificate of conferral should be substantially in the following form:

   <u>**Certificate of Conferral Prior to Filing**</u>

   *"I certify that prior to filing this motion, I attempted to resolve the matter by discussing the relief requested in this motion by <u>[date and method of communication (select one of the following: in person, telephone, or video conference)]</u> with the opposing party or counsel and <u>[the opposing party or</u>*

Filed 4/27/2022 9:42:54 AM Hillsborough County Clerk of the Circuit Court

> *counsel did not agree to that the motion could be resolved without the necessity of a hearing] OR [the opposing party or counsel did not respond and (describe with particularity all of the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the motion)].*"

10. **Discovery Provisions.**

    a. **Fact Discovery.**

        i. All discovery must be served in time for a timely response to be received prior to the deadline for completion of fact discovery.

        ii. All non-expert witness depositions must occur prior to the deadline for completion of fact discovery.

        iii. Failure to timely complete discovery by the deadline for completion of fact discovery may result in, among other things, exclusion of evidence or other sanctions, or both.

    b. **Expert Discovery.**

        i. Expert disclosure must occur by the deadline indicated below.

        ii. Contemporaneous with disclosure of each expert, the disclosing party must provide to all other parties:

            1. No less than five proposed deposition dates, all of which must be prior to the deadline to complete expert discovery; and

            2. For each expert:

                a. Identify the expert's area of expertise;

                b. Identify the subject matter on which the expert is expected to testify;

                c. Summarize the substance of the facts and opinions to which the expert is expected to testify; and

                d. Summarize the grounds for each opinion.

        iii. The court may preclude an expert from testifying outside of the disclosed opinions.

Filed 4/27/2022 9:42:54 AM Hillsborough County Clerk of the Circuit Court

      iv.  All expert witness depositions must be conducted prior to the deadline for completion of expert discovery.

      v.  It is the responsibility of counsel to select experts who:

          1.  Are prepared to make themselves available for deposition within the expert discovery period; and

          2.  Are prepared to respond promptly to requests for deposition dates.

      vi.  If an expert cannot be deposed prior to the deadline for completion of expert discovery despite timely and reasonable efforts of opposing counsel to secure deposition dates, that expert's testimony may be excluded at trial.

11. **Deadlines.** The deadlines set forth below are **ESTABLISHED** and will **GOVERN** this case and will be strictly enforced by the Court. Counsel and any self-represented parties are **DIRECTED** to review, calendar, and abide by them:

| Action or Event | Date |
|---|---|
| **Complaint filing date.** | 04/27/2022 |
| **Deadline for service of complaint.**<br>[120 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | 8/25/2022 |
| **Deadline for adding parties.**<br>[150 days after filing of complaint; subject to Rule 1.210, Fla. R. Civ. P.] | 9/27/2022 |
| **Deadline for service under extensions.**<br>[180 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | 10/24/2022 |
| **Court-Ordered Case Management Conference.**<br>NOTE:  This hearing will be conducted remotely.  Please see paragraph 6(b) for connection instructions.<br>[210 days after filing of complaint.] | 02/23/2023<br>At<br>9:30 AM |
| **Deadline for completion of fact discovery.** | 1/23/2023 |

Filed 4/27/2022 9:42:54 AM Hillsborough County Clerk of the Circuit Court

| | |
|---|---|
| [270 days after filing of complaint.] | |
| **Deadline for filing motion to compel   discovery.**<br><br>[284 days after filing of complaint.] | 2/6/2023 |
| **Plaintiff's expert disclosure deadline.**<br><br>[300 days after filing of complaint.] | 2/21/2023 |
| **Defendant's expert disclosure deadline.**<br><br>[330 days after filing of complaint.] | 3/23/2023 |
| **Rebuttal expert disclosure deadline.**<br><br>[344 days after filing of complaint.] | 4/6/2023 |
| **Deadline for completion of compulsory medical exam, if applicable and requested ("CME").**<br><br>[390 days after filing of complaint; subject to Rule 1.360(1)(A), Fla. R. Civ. P.] | 5/22/2023 |
| **Deadline for completion of mediation or non-binding arbitration.**<br><br>[420 days after filing of complaint.] | 6/21/2023 |
| **Deadline for completion of expert discovery.**<br><br>[420 days after filing of complaint.] | 6/21/2023 |
| **Month and year of the projected trial term.**<br><br>[540 days after filing of complaint; *see* Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B); firm trial date will be set by entry of a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021).] | October, 2023 |

ENTERED by the undersigned judge on the date imprinted below.

Circuit Judge

22-CA-003441 4/27/2022 9:42:40 AM

**IN THE CIRCUIT COURT IN THE THIRTEENTH JUDICIAL CIRCUIT**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**
**CIVIL DIVISION**

P.R. STEELECOAT, INC.,
a Florida corporation,

      Plaintiff,

v.

                                    CASE NO.: **22-CA-003441**
                                    DIVISION: **A**

INTUIT INC.,
a Delaware Corporation,

      Defendant.

_____/

**SUMMONS**

**THE STATE OF FLORIDA**

**TO EACH SHERIFF OF THE STATE:**

**YOU ARE COMMANDED** to serve this SUMMONS and a copy of the COMPLAINT in this action on
the DEFENDANT:

                **INTUIT, INC.**
                **c/o The Prentice-Hall Corporation, Inc. , Registered Agent**
                **251 Little Falls Drive**
                **Wilmington, DE 19808**

Each Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's attorney, whose
name and address is:

                    JOHN SCHIFINO, ESQ.
                  DANIEL P. DIETRICH, ESQ
                  JUSTIN BENNETT, ESQ.
             Gunster, Yoakley & Stewart, P.A.
             401 E. Jackson Street, Suite 1500
               Tampa, Florida  33602
                 Attorneys for Plaintiff
                Phone: (813) 222-9080
           Email: jschifino@gunster.com
                ddietrich@gunster.com
                jbennett@gunster.com

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorneys or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Amended Complaint.

DATED on _____**APRIL 27**_____, 2022.

**CINDY STUART**

CLERK OF COURT (COURT SEAL)

By:___*V Phillips*_____

**As Deputy Clerk**

*****************************************************************************

Any persons with a disability requiring reasonable accommodations should call (813) 272 7040 (V/TDD) in Hillsborough County; (813) 464 4062 (V TDD) in Pinellas County; for Pasco County/New Port Richey (813) 847 8110; Dade City (904) 521 4274 ext. 8110; in Sarasota County (813) 951 5785; in Orange County (407) 836 2303; or TDD 1 800 955 8771 via Florida Relay Service; no later than seven (7) days prior to any proceeding.
*****************************************************************************

### *IMPORTANT*

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the document.

### *IMPORTANTE*

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandate o Abogado del Demandante).

**Si usted es una persona minusvalida que necesita algun acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.**

ACTIVE:15176635.1

**Tenga la amabilidad de ponerse en contacto con el Coordinador de ADA, Hillsborough County Courthouse, 800 E. Twiggs St., Sala 604, Tampa, Florida 33602, (813) 272-7040, por lo menos 7 dias antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente despues de recibir esta notificaci6n si el tiempo antes de la comparecencia que se ha programado es menos de 7 dias; si usted tiene discapacitaci6n del oido ode la voz, Harne al 711.**

### *IMPORTANT*

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la' plainte ci jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney"  (Plaignant ou a son avocat) nomme  ci-dessous.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi  sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon seten ed. Tanpri kontakte Hillsborough County Courthouse,  800 E. Twiggs St., Sal 604, Tampa, Florida 33602, (813) 272-7040, Kodonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan, fe sa omwen 7 jou anvan dat ou gen randevou pou paret nan Tribinal la, oswa fe sa imedyatman  apre ou fin resevwa  konvokasyon  an si  dat ou gen pou w paret nan tribinal la mwens pase 7 jou; si ou gen pwoblem pou w tande byen oswa pou w pale kle, rele 711.**

ACTIVE:15176635.1

## IN THE CIRCUIT COURT IN THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
## CIVIL DIVISION

P.R. STEELECOAT, INC.,
a Florida corporation,

      Plaintiff,

v.                                                CASE NO.:
                                                 DIVISION:

INTUIT INC.,
a Delaware Corporation,

      Defendant.

_____/

## REQUEST FOR DIVISION ASSIGNMENT

This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the

above styled case in the:

      XX Tampa Division

      o   East Division

      o   Prior Division (Please indicate Case Number and Division of previously filed action:

_____)

I understand that the actual division assignment will be in accordance with the Hillsborough

County Administrative Orders. If there is no supported request for specific division assignment,

this action will be assigned a division based on a random and equitable distribution system.

Name of Attorney:   John A. Schifino, Esq._____

Address            401 E. Jackson Street, Suite 1500, Tampa, Florida 33602

Phone Number:     813-228-9080_____

Email Address(es):   jschifino@gunster.com_____

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

P.R. STEELECOAT, INC.,
a Florida corporation,

       Plaintiff,                            Case No. 22-CA-003441

vs.                                          Division A

INTUIT INC., a Delaware
Corporation,

       Defendant.

_____/

### NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESSES

PLEASE TAKE NOTICE that Mark J. Bernet, Esq. and Patrick S. Brathwaite, Esq. of the law firm of Akerman LLP file their Notice of Appearance as counsel for the Defendant, INTUIT INC. All further documents, pleadings, and correspondence should be forwarded to the undersigned counsel.

Pursuant to Rule 1.080 of the Florida Rules of Civil Procedure and Rule 2.516 of the Florida Rules of General Practice and Judicial Administration, the undersigned hereby designates the primary and secondary electronic e-mail addresses for the service of pleadings and papers herein as set forth below.

                                        /s/ Mark J. Bernet
                                        Mark J. Bernet, Esq.
                                        Florida Bar No. 606359
                                        Primary e-mail:  mark.bernet@akerman.com
                                        Secondary e-mail:  caren.deruiter@akerman.com
                                        Secondary e-mail: sal.papsidero@akerman.com
                                        Patrick S. Brathwaite, Esq.
                                        Florida Bar No. 1018493
                                        Primary e-mail: patrick.brathwaite@akerman.com
                                        Secondary e-mail: ava.hill@akerman.com

AKERMAN LLP
401 E. Jackson Street, Suite 1700
Tampa, Florida  33602
Tel:  (813) 223-7333
Fax: (813) 223-2837
***Attorneys for Intuit Inc.***

CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing was served via electronic mail and through the

Florida E-Filing Portal on this 13th day of May, 2022, to:

John A. Schifino, Esq.
Daniel P. Dietrich, Esq.
Justin P. Bennett, Esq.
Gunster, Yoakley & Stewart, P.A.
401 E. Jackson Street, Suite 1500
Tampa, FL 33606
Email: jschifino@gunster.com
        ddietrich@gunster.com
        jbennett@gunster.com


/s/ Mark J. Bernet
Attorney

63535859;1

2