UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


P.R. STEELECOAT, INC.

      Plaintiff,

vs.                                      Case no. 8:22-cv-01249-TPB-TGW

INTUIT INC.

      Defendant,
_____/

## **DEFENDANT'S MOTION TO DISMISS COUNT II**

Defendant, Intuit, Inc., ("Intuit") by its undersigned counsel and pursuant to Rule 12(b)(6), Fed. R. Civ. P., moves the Court for entry of an order dismissing Count II of the Plaintiff's Complaint, for failure to state any claim upon which relief may be granted. In support of this motion Intuit submits the accompanying memorandum of law.

<u>MEMORANDUM</u>

The Plaintiff, P.R. Steelecoat, Inc. ("Steelecoat") commenced this action in state court seeking recovery from Intuit for the alleged failure of Intuit's QuickBooks® financial software program software program to automatically pay Steelecoat's federal withholding tax obligations when due. Count I of Steelecoat's Complaint seeks recovery for breach of contract by alleging that Intuit breached provisions of a contract granting a license to Steelecoat to

utilize the QuickBooks® program. Count II seeks recovery for an alleged violation of an implied duty of good faith and fair dealing relating to the software's alleged failure to function properly, but Count II is nothing more than the same breach of contract claim pleaded in Count I.  The duplicative Count II cannot stand on its own and therefore must be dismissed.

## I.    PROCEDURAL BACKGROUND

Steelecoat filed its complaint in the Circuit Court for Hillsborough County, Florida, on April 27, 2022, and the Complaint was served on Intuit on May 10, 2022.  On May 31, 2022, Intuit removed the case to this Court under 28 U.S.C. §§1332(a), 1441 & 1446.

## II.   THE COMPLAINT

Steelecoat alleges that in July 2017, it entered into a contract with Intuit under which, for a fee, Steelecoat acquired a license to use Intuit's QuickBooks® financial software program.  Steelecoat maintains that QuickBooks® was to "provide [Steelecoat] with full employee payroll services," to include running payroll, calculating payroll taxes and preparing payroll tax forms.  Complaint, ¶¶9, 10.  Steelecoat further alleges that "[b]etween July 2017 continuing through June 2021, Intuit withdrew more than $678,000 from [Steelecoat's] bank account for the payroll tax payments for the 2018, 2019, and 2020 calendar years, but that "less than half was properly and timely paid to the Internal Revenue Service."  Complaint, ¶¶11, 12.  Steelecoat claims that,

as a result of Intuit's failure to pay withholding taxes timely, Steelecoat incurred fees and penalties to the IRS. Complaint, ¶¶14, 15 and 17. From these allegations, Steelecoat demands a money judgment against Intuit under theories of breach of contract (Count I), and breach of the implied covenant of good faith and fair dealing (Count II).[1]

### III. LEGAL STANDARD

In this diversity action, the court must apply the state substantive law of the forum state. *See Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp.3d 1294, 1301 (M.D. Fla. 2015) (citing *Eerie R. Co. v. Tompkins*, 300 U.S. 64 (1938). Thus, Florida law will apply to Steelecoat's causes of action.

Rule 12(b)(6), Fed. R. Civ. P., provides that a motion to dismiss a complaint may be filed for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss brought under Rule 12(b)(6), the alleged facts in the complaint must be accepted as true and be construed in the light most favorable to the plaintiffs. *Castro v. Secretary of Homeland Security*, 472 F.3d 1334, 1336 (11th Cir. 2006) (quoting *Hill v. White*, 321 F.3d

---

[1] As will become apparent later in this litigation, Steelecoat repeatedly overrode its QuickBooks® program when it had insufficient funds in its account to fund payroll checks to employees and pay required withholding taxes. Understandably, Steelecoat prioritized its employees' paychecks over its own withholding tax obligations, but the simple fact is that QuickBooks® was not at fault for Steelecoat's cash-flow problems.

1334, 1335 (11th Cir. 2003)). Dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

IV. <u>ARGUMENT</u>

Under Florida law, a covenant of good faith and fair dealing is implied in every contract. *Ernie Haire Ford, Inc. v. Ford Motor Co.,* 260 F.3d 1285, 1291 (11th Cir. 2001); *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1315 (11th Cir. 1999), *cert. denied,* 528 U.S. 948, 120 S.Ct. 370 (1999); *Shibata v. Lim,* 133 F. Supp. 2d 1311, 1318 (M.D. Fla. 2000); *County of Brevard v. Miorelli Engineering, Inc.,* 703 So.2d 1049, 1050 (Fla. 1997). Its purpose is to protect "the reasonable expectations of the contracting parties in light of their express agreement." *Barnes v. Burger King Corp.,* 932 F.Supp. 1420, 1438 (S.D. Fla. 1996).

However, the rights conferred by the implied covenant of good faith and fair dealing are unequivocally limited. *Weaver,* 169 F .3d at 1316. The covenant "is not an abstract and independent term of a contract." *Bernstein v. True,* 636 So.2d 1364 (Fla. 4th DCA 1994). A claim based on the implied covenant of good faith and fair dealing cannot be maintained: (1) in the absence of breach of an express term of the contract; (2) to override or vary the terms of the contract; or (3) where the allegations underlying the claim for breach of the implied covenant are duplicative of those which support a claim for breach

of contract. *Weaver,* 169 F.3d at 1318; *Dennis v. The Northwestern Mutual Life Ins. Co.,* 2006 U.S. Dist. LEXIS 19578 at \*17 (M.D. Fla. April 14, 2006); *Barnes,* 932 F. Supp. at 1437-38.

Here, Steelecoat's Count II is duplicative of Count I, the breach of contract claim. Both counts rely upon the same factual allegations, in that (i) both adopt paragraphs 1 through 20 (*see* ¶¶21, 25), and (ii) neither includes factual allegations not contained in the other. Further, Steelecoat does not allege anywhere, nor is it otherwise apparent, that Count II is seeking any different relief based on any different factual allegations. They are the same claim, both grounded upon the same allegations that Steelecoat purchased a license to use QuickBooks®, but that the QuickBooks® program did not properly account for and pay Steelecoat's withholding tax obligations. Because the allegations underlying the claim for breach of the implied covenant of good faith and fair dealing are duplicative of those which support the claim for breach of contract, Count II cannot stand. It must be dismissed.

V. <u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss Count II of Steelecoat's Complaint.

<u>LOCAL RULE 1.08 CERTIFICATION</u>

Undersigned counsel certifies that this paper complies with Local Rule 1.08, in that:

- The margins are one inch;

- The pages are number on the bottom center (except for page one);

- The main text is in a 13-point Century Schoolbook font;

- Indented quotations are in at least a 12-point Century Schoolbook font;

- Footnotes are in at least an 11-point Century Schoolbook font; and

- The Scale is 100 percent and the spacing and position are normal.

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel certifies that, prior to filing this Motion to Dismiss Count II, he contacted opposing counsel, who did not take a position on the motion.

>　　　　　　　　　　　　*/s/ Mark J. Bernet*
>　　　　　　　　　　　　Mark J. Bernet
>　　　　　　　　　　　　Florida Bar No. 606359
>　　　　　　　　　　　　Primary: mark.bernet@akerman.com
>　　　　　　　　　　　　Secondary: caren.deruiter@akerman.com
>　　　　　　　　　　　　Secondary: sal.papsidero@akerman.com
>　　　　　　　　　　　　Patrick S. Brathwaite
>　　　　　　　　　　　　Florida Bar No. 1018493
>　　　　　　　　　　　　Primary: patrick.brathwaite@akerman.com
>　　　　　　　　　　　　Secondary: ava.hill@akerman.com
>　　　　　　　　　　　　AKERMAN LLP
>　　　　　　　　　　　　401 E. Jackson Street, Suite 1700
>　　　　　　　　　　　　Tampa, Florida 33602
>　　　　　　　　　　　　Tel: (813) 223-7333
>　　　　　　　　　　　　Fax: (813) 223-2837
>　　　　　　　　　　　　Attorneys for Defendant, Intuit Inc.

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing was served via CM/ECF and by e-mail to John A. Schifino, Esquire, Daniel P. Dietrich, Esquire and Justin P. Bennett, Esquire, Email: jschifino@gunster.com, ddietrich@gunster.com, and jbennett@gunster.com, this 5th day of August, 2022.

                            */s/ Mark J. Bernet*
                            Attorney